UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VISTAJET US INC.,

                        Plaintiff,

-against-

GUILHERME CIPRIANI,

                        Defendant.

**Case No.:**

**COMPLAINT**

---

Plaintiff VistaJet US Inc. ("VistaJet US"), by and through its attorneys, Hinckley, Allen & Snyder LLP, as and for its Complaint against Defendant Guilherme Cipriani ("Cipriani"), alleges as follows:

**PRELIMINARY STATEMENT**

1. On or about November 7, 2015, VistaJet US entered into a Flight Solutions agreement (the "Agreement") with Cipriani, pursuant to which Cipriani agreed to purchase 250 privately-chartered aircraft flight hours per year at a fixed rate and with guaranteed availability in exchange for quarterly payments of $996,875 over a three-year term (each a "Quarterly Payment"). Cipriani has breached the Agreement by failing and refusing to make the required Quarterly Payments to VistaJet US. VistaJet US therefore brings this action for breach of contract and for all attendant damages.

**PARTIES**

2.      VistaJet US Inc. is a Delaware corporation with its principal place of business at 120 Wooster Street, 6th Floor, New York, New York, 10012.

3.      Upon information and belief, Guilherme Cipriani resides at 855 Timber Lane, Boulder, Colorado.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.      This Court has personal jurisdiction over the Defendant because he participated in negotiations over the Agreement in New York, and his contacts with New York are sufficient such that exercising jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.      In addition, the parties to the Agreement expressly agreed to that the state and federal courts of the State of New York shall have exclusive jurisdiction over any dispute arising in connection with the Agreement.

7.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because this is a district in which a substantial part of the events or omissions giving rise to the claims occurred, in which Defendant is subject to the Court's personal jurisdiction, and to which the parties to the Agreement waived any venue objection.

**FACTUAL ALLEGATIONS**

8. On or about November 7, 2015, VistaJet US and Cipriani executed the Agreement, pursuant to which VistaJet US would arrange to provide Cipriani with 250 flight hours per year on privately-chartered aircraft for a three-year term.

9. Cipriani personally signed the Agreement.

10. VistaJet US duly executed the Agreement.

11. The Start Date for the Agreement was December 16, 2015.

12. The Agreement required Cipriani to pay a Security Deposit of $996,875 and the first Quarterly Payment at least three days prior to the Start Date, and to make additional Quarterly Payments every three months thereafter for the duration of the three-year term of the Agreement.

13. Late payments under the Agreement are subject to one percent interest per month.

14. The Agreement also provides that VistaJet US shall charge to Cipriani all costs, including attorneys' fees, incurred in collecting amounts owed under the Agreement.

15. The Agreement provides a schedule of costs and fees associated with Cipriani's use of aircraft under the Agreement, which amounts are to be deducted from Cipriani's credit balance as established by the Quarterly Payments.

16. In each year, Cipriani is obligated to pay VistaJet US for all flight hours consumed and any unused flight hours not eligible for rollover.

17. A maximum of twenty percent of annual flight hours are eligible for rollover to the next year, except in the last year of the Agreement.

18. Upon the occurrence of certain conditions not at issue here, Cipriani was eligible to trigger an Early Exit Date from the Agreement on June 16, 2017.

19. Cipriani has not – and cannot – trigger the Early Exit Date.

20. The Agreement defines an "Event of Default" to include the failure to pay the proper amount when due, or any other material breach which continues for 30 days after written notice.

21. During an Event of Default, Cipriani's flight hours shall be reduced, "as liquidated damages and not as a penalty," by an amount equal to 1/12th of the year's flight hours for each month the default exists.

22. This liquidated damage remedy is in addition to VistaJet US's right to claim all sums due under the Agreement and to pursue all other remedies.

23. VistaJet US duly performed its obligations under the Agreement.

24. Cipriani has wrongfully repudiated the Agreement and made no payments to VistaJet US.

## COUNT ONE: BREACH OF CONTRACT

25. VistaJet US incorporates paragraphs 1-24 as if set forth fully herein.

26. Pursuant to the terms of the Agreement, Cipriani agreed to make Quarterly Payments totaling approximately $12 million.

27. Cipriani breached the Agreement by failing and/or refusing to make any Quarterly Payments.

28. As of the date of this Complaint, the sum of $9,968,750, excluding interest, is past due.

29. Cipriani's breach of the Agreement has damaged VistaJet US in an amount to be proven at trial.

30.     Therefore, VistaJet US is entitled to damages and interest incurred as a result of this breach, including all damages available under the express terms of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VistaJet US Inc. respectfully demands judgment in this action as follows:

A. As to Count I, awarding judgment for Plaintiff and against Defendant for the damages with interest resulting from Defendant's breach of contract in an amount to be proven at trial, including all damages available under the express terms of the Agreement;

B. Awarding attorneys' fees, costs, and disbursements of this action; and

C. Awarding such further relief as the Court deems just and proper.

DATED:    March 30, 2018
          New York, New York         **HINCKLEY, ALLEN & SNYDER LLP**

                              By:    */s/ Christopher V. Fenlon*

                                     James J. Barriere (JB3206)
                                     Christopher V. Fenlon (CF6305)
                                     *Attorneys for Plaintiff*
                                     *VistaJet US Inc.*
                                     14 Wall Street, Suite 5G
                                     New York, New York 10005-2137
                                     P: (212) 313-4500
                                     F: (212) 313-4501
                                     E: jbarriere@hinckleyallen.com
                                     E: cfenlon@hinckleyallen.com

57336565 v1